FILED
2013 Jan-02  AM 11:44
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **GREGORY WEBSTER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Civil Action No. CV-12-S-884-S** |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | |
| **Commissioner, Social Security** | ) | |
| **Administration,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER

Claimant Gregory Webster commenced this action on March 20, 2012, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge ("ALJ"), and thereby denying his claim for a period of disability and disability insurance benefits. For the reasons stated herein, the court finds that the Commissioner's ruling is due to be affirmed.

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tienieber v. Heckler*, 720 F.2d 1251, 1253 (11th

Cir. 1983).

Claimant contends that the Commissioner's decision is neither supported by substantial evidence nor in accordance with applicable legal standards. Specifically, claimant asserts that the ALJ's residual functional capacity finding was not supported by substantial evidence, and that the ALJ erred in failing to obtain the opinion of a medical expert. Upon review of the record, the court concludes that these contentions are without merit, and the Commissioner's decision should be affirmed.

Claimant first takes issue with the ALJ's finding that claimant had

the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except no more than occasional climbing of ramps/stairs, stooping or crouching; no crawling, kneeling or climbing of ladders, ropes or scaffolds; no frequent use of the hands; occasional use of foot controls; and no exposure to dangerous machinery or unprotected heights.[1]

Claimant's argument consists of only a conclusory assertion that the ALJ's finding contains so many restrictions that it "would on its face better comport with sedentary work at best."[2]  As an initial matter, claimant has cited no authority, and this court knows of none, to support the proposition that a claimant's inability to perform a full

---

[1] Tr. 25.

[2] Doc. no. 8 (claimant's brief), at 5.  That distinction is significant, according to claimant, because if he were limited to sedentary work, he would be disabled under Medical-Vocational Rule 201.14, which dictates a finding of "not disabled" for an individual closely approaching advanced age, who has a high school education or more that does not provide for direct entry into skilled work, whose past work experience is skilled or semiskilled with non-transferable skills, and who is limited to sedentary work as a result of severe medically determinable impairments.  *See* 20 C.F.R. Pt. 404, Subpt. P, App. 2, Rule 201.14.

range of work at a given exertional level mandates a finding of disability.  Quite to the contrary, the Commissioner's regulations specifically provide for the input of a vocational expert to determine the availability of appropriate jobs in the national economy when non-exertional limitations prevent a claimant from performing the full range of work at a particular exertional level.  Moreover, the administrative record as a whole supports the determination that claimant is capable of performing a limited range of light work, as determined by the ALJ.

The court also is not persuaded by claimant's second argument, that the ALJ failed to fully develop the record because he did not obtain the opinion of a medical expert during the administrative proceedings.  First, claimant asserts that the ALJ should have sought the testimony of a medical expert ("ME") during the administrative hearing, pursuant to Social Security Ruling 83-20.  The primary purpose of that Ruling is to discuss the proper procedures for determining the date of onset of a claimant's disability.  In that context, the Ruling includes the following statements:

> Medical reports containing descriptions of examinations or treatment of the individual are basic to the determination of the onset of disability.  The medical evidence serves as the primary element in the onset determination.  Reports from all medical sources (*e.g.*, physicians, hospitals, and government agencies) which bear upon the onset date should be obtained to assist in determining when the impairment(s) became disabling.

> With slowly progressive impairments, it is sometimes impossible to obtain medical evidence establishing the precise date an impairment became disabling. *Determining the proper onset date is particularly difficult, when for example, the alleged onset and the date last worked are far in the past and adequate medical records are not available.* In such cases, it will be necessary to infer the onset date from the medical and other evidence that describe the history and symptomatology of the disease process.

SSR 83-20 (emphasis supplied). Later, the Ruling provides the following guidance for determining an onset date when precise evidence of the date is not available and the need to make inferences arises:

> In some cases, it may be possible, based on the medical evidence, to reasonably infer that the onset of a disabling impairment(s) occurred some time prior to the date of the first recorded medical examination, *e.g.*, the date the claimant stopped working. How long the disease may be determined to have existed at a disabling level of severity depends on an informed judgment of the facts in the particular case. This judgment, however, must have a legitimate medical basis. *At the hearing, the administrative law judge (ALJ) should call on the services of a medical advisor when onset must be inferred. If there is information in the file indicating that additional medical evidence concerning onset is available, such evidence should be secured before inferences are made.*

> If reasonable inferences about the progression of the impairment cannot be made on the basis of the evidence in [the] file and additional relevant medical evidence is not available, it may be necessary to explore other sources of documentation. Information may be obtained from family members, friends, and former employers to ascertain why medical evidence is not available for the pertinent period and to furnish additional evidence regarding the course of the individual's condition. However, before contacting these people the claimant's permission must be obtained. The impact of lay evidence on the decision of onset will be limited to the degree it is not contrary to the medical evidence of record. (In mental impairment cases, see SSR 83-15, PPS-96, Titles II and XVI, Evaluation of Chronic Mental Impairments.)

4

The available medical evidence should be considered in view of the nature of the impairment (*i.e.*, what medical presumptions can reasonably be made about the course of the condition). The onset date should be set on the date when it is most reasonable to conclude from the evidence that the impairment was sufficiently severe to prevent the individual from engaging in SGA [substantially gainful activity] (or gainful activity) for a continuous period of at least 12 months or result in death. Convincing rationale must be given for the date selected.

SSR 83-20 (emphasis and alterations supplied).

Claimant first asserts that the ALJ "*could have*" utilized a medical expert under this Ruling.[3] Setting aside the lack of force contained in that statement — there are presumably unlimited things the ALJ *could have* done, and most of them would have no effect on whether his decision was supported by substantial evidence and in accordance with applicable legal standards — claimant's argument is of little relevance, because claimant has not challenged the ALJ's determination of her onset date.

Claimant also asserts, outside the context of SSR 83-20, that the ALJ failed to properly develop the record because "there is not even a reviewing medical consultant opinion in the record."[4] Claimant cites 20 C.F.R. § 404.1529(b), which states, in pertinent part, that, "[a]t the administrative law judge hearing or Appeals Council level, the administrative law judge or Appeals Council *may* ask for and consider the

---

[3] Tr. 6 (emphasis supplied).
[4] Doc. no. 8 (claimant's brief), at 8.

opinion of a medical advisor concerning whether your impairment(s) could reasonably be expected to produce your alleged symptoms" (emphasis supplied). Importantly, that regulation is stated in precatory, not mandatory terms: the ALJ is not *required* to use a medical advisor in evaluating the extent of claimant's impairments.

That interpretation of the regulation is consistent with the ALJ's general duties in evaluating the medical evidence of record. The ALJ

> has an obligation to develop a full and fair record, even if the claimant is represented by counsel. *Cowart v. Schweiker,* 662 F.2d 731, 735 (11th Cir. 1981). The ALJ is not required to seek additional independent expert medical testimony before making a disability determination *if the record is sufficient and additional expert testimony is not necessary for an informed decision. Wilson v. Apfel,* 179 F.3d 1276, 1278 (11th Cir. 1999) (holding the record, which included the opinion of several physicians, was sufficient for the ALJ to arrive at a decision); *Holladay v. Bowen,* 848 F.2d 1206, 1209-10 (11th Cir. 1988) (holding the ALJ must order a consultative exam when it is necessary for an informed decision).

*Nation v. Barnhart,* 153 F. App'x. 597, 598 (11th Cir. 2005) (emphasis supplied). Furthermore, claimant bears the ultimate burden of producing evidence to support her disability claim. *See Ellison v. Barnhart,* 355 F.3d 1272, 1276 (11th Cir. 2003) (citing 20 C.F.R. §§ 416.912(a), (c)).

The court concludes that the record in this case was sufficient to give substantial support to the ALJ's decision. As an initial matter, claimant was incorrect when he stated that there are no opinions from medical consultants in the record. Claimant was evaluated on November 30, 2005 — several months after his alleged

onset date of August 23, 2005 — by Dr. Bruce Romeo.  Claimant only complained to Dr. Romeo of a recent seizure and headaches.  He was independent in activities of daily living, and he had no subjective complaints of a musculoskeletal nature.  The joint examination revealed no deformity, tenderness, synovitis, effusion, clubbing, cyanosis, edema, or varicosities.  There also was no back spasm or deformity.  His gait was normal, with no assistive device required.  He could fully stoop, kneel, crouch, tandem walk, and heel-toe walk.  His motor function, sensory reflexes, grip strength, manual dexterity, and gross manipulation  were fully intact.  He had full range of motion in all joints and extremities.[5]  On a Medical Source Opinion Form,  Dr. Romeo indicated that claimant had no limitation on his ability to stand, walk, or sit.  He could constantly lift and/or carry 20 pounds, frequently lift and/or carry 40 pounds, and occasionally lift and/or carry 60 pounds.  The only other limitations assessed by Dr. Romeo were never working in high exposed places, driving automotive equipment, or operating heavy machinery.[6]

Claimant also was evaluated by Dr. Wiley Livingston on August 4, 2009.  Dr. Livingston found normal range of motion in all joints and extremities, except for a slight reduction in left external rotation.  Claimant also had normal dexterity and grip strength.  He could raise his arms over his head and make a fist with each hand.  His

---

[5] Tr. 264-69.
[6] Tr. 270-72.

7

gait and heel-to-toe walk were normal.  He could stand on his toes and heels, bend forward to touch the floor, and squat and rise.  Dr. Livingston stated that there was "little in the way of physical examination to account for [claimant's] complaints of joint pain."  Dr. Livingston detected no lumbar compression fracture, destructive lesion, or spondylolisthesis; only mild facet arthropathy at L5-S1 and L4-L5; and mild degenerative discopathy at T11-T12.[7]

The reports of these two consultative examiners, along with the reports and treatment records of claimant's treating physicians in the record, constituted ample support for the ALJ's administrative decision.  There was no need for the ALJ to order an additional consultative examination or obtain any additional opinion from a medical advisor.

Based on the foregoing, the court concludes the ALJ's decision was based upon substantial evidence and in accordance with applicable legal standards.  Accordingly, the decision of the Commissioner is AFFIRMED.  Costs are taxed against claimant. The Clerk is directed to close this file.

DONE this 2nd day of January, 2013.

_____
United States District Judge

---

[7] Tr. 280-84.

8